# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

CHARLES JOSEPH HOBLIN
2 Sypher Road
Chester, CT 06412

JUDGMENT IN A CRIMINAL CASE

FILED

CASE NO. 3:01CR286 (RNC)

Calvin B. Kurimai, Assistant U.S. Attorney

Frank J. Riccio
Defendant's Attorney

2005 JAN -7 A 10: 57

U.S. DISTRICT COURT
HARTFORD, CT.

The defendant waived indictment and pled guilty to a one count information. Accordingly, the defendant is adjudged guilty of count one, which involves the following offense:

Title & Section: 18 U.S.C. § 1344
Nature of Offense: Bank Fraud
Date Offense Concluded: March 1996

Count: one

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby sentenced to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of 27 months. To facilitate family visits, the court recommends to the Bureau of Prisons that the defendant be designated to serve his term of incarceration at a facility as close to Tampa, Florida as possible. Upon release from custody, the defendant will be on supervised release for a term of 3 years with the following special conditions: (1) the defendant will pay restitution in the total amount of $323,750 at a rate of $250 per month, interest on the restitution is waived. Restitution will be paid jointly and severally with defendant Ralph Vitale in case 3:02CR262(RNC) to Fleet Boston Financial, Attention: Special Services - Payment Clerk, MADE 12701R, P.O. Box 2197, Boston, MA 02106 or its successor; (2) the defendant will provide the Probation Office with access to any requested financial information including financial information relating to any business in which he may have a financial interest; and (3) the defendant will not incur new credit charges or open additional lines of credit without prior approval of the Probation Office. The defendant will voluntarily surrender to the U.S. Marshal for this district, or at such other time and place as designated by the Bureau of Prisons on Monday, February 14, 2005.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. In addition to the special conditions of supervised release imposed above, it is hereby ordered that the general conditions of supervised release set out on the reverse side are also imposed.

The defendant will pay a special assessment of $100 for count one, which will be due immediately.

It is so ordered.

January 5, 2005
Date of Imposition of Sentence

Robert N. Chatigny, U.S.D.J   Date: January 7, 2005

CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Kevin F. Rowe, Clerk
BY: _____
    Deputy Clerk

## STANDARD CONDITIONS OF SUPERVISED RELEASE/PROBATION

While on supervised release or probation, the defendant shall abide by the following conditions in addition to any special conditions set by the court:

1) The defendant shall not commit another federal, state, or local crime;
2) The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and shall submit a truthful and complete written report within the first 5 days of each month;
3) The defendant shall pay any such restitution and fines that remains unpaid at the commencement of the term of supervised release;
4) The defendant shall not leave the judicial district without the permission of the court or probation officer;
5) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
6) The defendant shall support his or her dependents and meet other family responsibilities;
7) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
8) The defendant shall notify the probation officer within 72 hours of any change in residence or employment;
9) The defendant shall not possess a firearm or destructive device.
10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
13) The defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
14) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
15) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

---

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

                John F. Bardelli
                United States Marshal

                By: _____
                Deputy Marshal